# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LOUIS REYES, JR., et al.,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:04-cv-1648-Orl-KRS**

**FALLING STAR ENTERPRISES, INC.;**
**SADIAH BAKER; and NASER M. BAKER,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR DETERMINATION AS TO THE FAIRNESS OF THE STIPULATION (Doc. No. 71)** |
| **FILED:** | **March 31, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

These consolidated cases were brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. The parties have reached a Joint Stipulation (doc. no. 64) and seek Court approval of this agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

The Plaintiffs stipulate "that as a result of this settlement, Plaintiffs will receive 100% of their claim." Doc. No. 71, at 2.[1]  Hence, the Court concludes that the Joint Stipulation is a fair and reasonable resolution of a bona fide dispute over the FLSA.

The Court will address the issues of liquidated damages, attorneys' fees, and costs in separate orders.

**DONE** and **ORDERED** in Orlando, Florida on April 4, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] This stipulation does not cover the plaintiffs' claims for liquidated damages, attorney's fees, and costs.  Doc. No. 71, at 3.